IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| PAUL JEROME BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 07-6351-HO |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| DESCHUTES COUNTY, by and through the Deschutes County Sheriff's Office, a political subdivision of the State of Oregon, and JOHN DOES 1-5, in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff alleges violation of his civil rights through use of excessive force during an arrest in violation of 42 U.S.C. § 1983. Specifically, plaintiff alleges that on September 17, 2005, following his arrest in Sisters, Oregon, Deschutes County Sheriff's deputies repeatedly beat him while he was helpless, unarmed, handcuffed and in leg shackles. Plaintiff brings claims for

assault and battery and unconstitutional use of excessive force against Deschutes County and Doe defendants.

At about 5:05 pm on September 17, 2005, Deschutes County Sheriff's deputy Gary Rose arrested plaintiff Paul Brandt on an outstanding arrest warrant for contempt of court in Lincoln County, Oregon. Defendant Deschutes County contends that Brandt was uncooperative during the booking process, occurring at about 6:00 pm, requiring the use of force. Defendant asserts that deputies forced Brandt to the floor causing plaintiff to strike his head on a wall or bench causing a laceration on his forehead and bruises. Deputies then placed Brandt in a holding cell at the Deschutes County jail.

At about 6:15 pm, Nurse Deatra Lane examined Brandt, but contends that she was unable to conduct a complete exam because Brandt was uncooperative. Nurse Lane determined that Brandt's laceration would need to be assessed at the St. Charles Medical Center's emergency room. Nurse Lane asserts that Brandt's injuries, however, did not require immediate transportation to the hospital.

At 7:50 pm, deputies determined that Brandt had calmed sufficiently to be transported. Brandt arrived at the St. Charles Medical Center at about 8:04 pm. Medical staff sutured the laceration and hospital staff released Brandt at about 9:10 pm.

Deputies then transported Brandt back to the County jail.  At about 12:05 am on September 18, 2005, jail officials released him.

Brandt alleges that he suffered cuts, welts, bruises, swelling, humiliation, extreme pain, and lasting emotional distress due to the alleged beatings he received.  Brandt asserts that defendants intended to cause injury and were deliberately indifferent to his medical needs when they refused his initial pleas to be taken to the hospital.  Brandt contends that he was not uncooperative, that he suffered a deep laceration requiring immediate care, that Nurse lane did not treat him, and that he was subjected to potential infection.  Brandt further asserts that the Doe defendants acted pursuant to Deschutes County policy, custom and/or procedures.  Brandt contends he was subjected to excessive force and cruel and unusual punishment and denied due process and that such violations caused his injuries.

Defendant Deschutes County moves for Summary judgment contending that plaintiff cannot establish that his injuries were due to policies, customs, or practices of Deschutes County.[1]

The main issue at this stage is not whether plaintiff suffered excessive force, deliberate indifference to his serious medical needs or denial of due process, but, rather, whether the County is liable for such alleged constitutional violations.

---

[1] Plaintiff concedes that the Doe defendants should be dismissed and all claims against the Doe defendants are dismissed.

3 - ORDER

In this case, liability under section 1983 cannot be based on the traditional theory of respondeat superior. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 416 (1997). Congress did not intend local governments to be held liable under section 1983 unless action pursuant to official government policy of some nature caused a constitutional tort. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).

To establish the County's liability under Section 1983, plaintiff must satisfy one of three conditions:

> First, the plaintiff may prove that a [County] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official has final policy-making authority is a question of state law. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations and internal quotations omitted).[2]

---

[2] After proving that one of these circumstances exists, plaintiff must then show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

4 - ORDER

Plaintiff concedes that the County's written policies with respect to how its arrestees are treated are constitutional on their face.

A local government may be responsible for a single decision by government policymakers under appropriate circumstances. Where a decision to adopt a particular course of action is properly made by that government's authorized decisionmakers, it represents an act of official government "policy" as that term is commonly understood. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). Where action is directed by those who establish governmental policy, the local government is equally responsible whether that action is to be taken only once or to be taken repeatedly. See, id. However, not every decision by governmental officers automatically subjects the government to section 1983 liability. Government liability attaches only where the decisionmaker possesses final authority to establish government policy with respect to the action ordered. Id. The fact that a particular official, even a policymaking official, has discretion in the exercise of particular functions does not, without more, give rise to government liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the County can be held liable. See id. at 482-83. Plaintiff does not present

5 - ORDER

sufficient evidence to establish that a policymaking official committed the alleged violations.

In this case, plaintiff contends that the county's unwritten policy as applied to arrestees is unconstitutional in that it strips them of their right to remain silent and forces them to provide answers to unnecessary questions. The failure to quickly acquiesce to such questioning, according to plaintiff, results in the designation as uncooperative and the denial of ability to make phone calls or to post bail until such time as arrestees answer the unnecessary questions. Although not clear from plaintiff's briefing, this in turn apparently leads to unreasonable use of force and denial of the resultant need for medical care which are the harms alleged to have resulted from the constitutional violations. The link between the alleged failure of plaintiff's right to remain silent and the alleged injuries is vague and plaintiff fails to link the alleged constitutional violations or injuries to any policy of the county beyond pure speculation.

Plaintiff agrees that it is generally true that more than a single incident is required to show the actual de facto practice of the County is to permit the unconstitutional abuse of arrestees. Plaintiff weakly asserts that he can demonstrate a string of separate abuses committed by multiple officers over a long period by simply demonstrating that he suffered several abuses by more than one officer over a six hour period. It is evident that a

practice or policy cannot be imputed to the county because one individual suffered abuse over a six hour period. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) ("the Court has long recognized that a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'") *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970).

Plaintiff provides evidence that some other claims have been made in the past against the County, but plaintiff does not produce any evidence that such claims have been found to have merit such that a trier of fact could infer a custom or policy on the part of the County. Plaintiff also asserts that officers themselves have testified to a "de facto policy and procedure in the Deschutes County Sheriff's Department ... to deny the right of arrestees to remain silent ... while keeping the arrestee imprisoned and handcuffed and denying the right to make a phone call." Even if plaintiff could present sufficient evidence in this regard, he fails to link the practice to the injuries he suffered from the alleged beatings.[3]  Morever, the deposition testimony cited only demonstrates the actions taken with respect to plaintiff and does not address customary practices of the department.

---

[3] It should be noted that the operative complaint in this case does not raise a claim with regard to the right to remain silent or a right to telephone access.

7 - ORDER

Plaintiff also cites a lack of disciplinary action for the alleged excessive force.[4]  Specifically, plaintiff notes that Corporal Gill and Sergeant Squire expressly approved and ratified the actions taken against plaintiff.  However, plaintiff again fails to present any evidence demonstrating that these employees had final policymaking authority.  Defendant presents evidence that sergeants in Deschutes County have some authority to recommend discipline, but that final policymaking authority rests in the Sheriff alone.  See Collins v. City of San Diego, 841 F.2d 337, 341-42 (9th Cir. 1988) ("The fact that a particular official-even a policymaking official-has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.... The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").

Plaintiff's complaint also alleges a failure to train that led to the deprivation of his constitutional rights.  However, plaintiff fails to respond to defendant's presentation of evidence demonstrating the absence of a genuine issue of fact in this regard.  Plaintiff does not provide any evidence to demonstrate an

---

[4]To the extent plaintiff relies on a lack of discipline for the actions related to other complaints, those complaints, as noted above, do not demonstrate constitutional violations.

8 - ORDER

inadequate training program and that such inadequacy caused his injuries.

Plaintiff's theory of governmental liability is not supported by the record in this case and the County's motion for summary judgment with respect to the section 1983 claim is granted. The court declines to exercise jurisdiction over the remaining assault and battery claim.

Jurisdiction over the state law claims in this case is based on the federal claims. 28 U.S.C. § 1367(a) provides that district courts shall have "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The district courts may, however, decline to exercise supplemental jurisdiction over state claims when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 (1988).

## CONCLUSION

For the reasons stated above, the claims against the Doe defendants are dismissed, Deschutes County's motion for summary

9 - ORDER

judgment (#29) is granted and this action is dismissed.  The clerk shall enter judgment in favor of defendants and against plaintiff.

DATED this ___10th___ day of June, 2010.

                                            ___s/ Michael R. Hogan___
                                            United States District Judge

10 - ORDER